**KEEN et, Appellees, v. GENERAL MOTORS CORPORATION, Frigidaire Division, Appellant.**

Common Pleas Court, Montgomery County.

No. 112768.   Decided August 19, 1958.

Cowden, Pfarrer, Crew & Becker, Dayton, for appellant.

L. R. Cousineau, Dayton, William Saxbe, Atty. Genl., John R. Barrett, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By McBRIDE, J.:

This case was instituted by the General Motors Corporation as an appeal on a workman's compensation matter from a decision of the Industrial Commission of Ohio in favor of an employee, Raymond Keen. The petition alleges the capacity of the parties and recites in great detail the evidence of the history of the case. The conflicting orders of the Administrator, of the Dayton Regional Board of Review, and of the Industrial Commission of Ohio are embodied **in haec verba** in the petition. The appellant concludes its petition with certain jurisdictional factors and states that "having set forth the basis of the jurisdiction of this Court over the action, Appellant prays that further proceedings be had in accordance with the code of civil practice."

To this petition the appellee, Raymond Keen, filed a motion asking the court to strike seven items as argumentative, immaterial, and as evidence. In branch two of his motion the appellee asks that the petition be made definite and certain by stating the ground or grounds upon which their appeal is based. The Industrial Commission of Ohio joins in branch two of this motion.

The memorandum on behalf of the Commission states that the common pleas courts have consistently ruled in interpreting

"what the contents of the petition should be under §4123.51.9 R. C.: that the appellant must state a cause of action, the jurisdiction over the parties, and the jurisdiction over the subject matter. When a claimant-appellant files a petition this is always true and should be equally true when an employer-appellant files a petition. As the petition of the employer-appellant now exists, there is nothing that can be denied and **no issue can be made if an answer is filed.**"

Sec. 4123.51.9 R. C., effective September 7th, 1957 provides the administrative steps, notice and service which must be completed before an appeal may be filed with the common pleas court. The first paragraph also says:

"Such filing shall be the only act required to perfect the appeal and vest jurisdiction in the court."

Subsequently the same section further requires a so-called petition on the appeal, spells out the nature of the further proceedings after this instrument, designated a petition, has been filed, and expressly determines the issues, as follows:

"The appellant **shall file a petition setting forth the basis for jurisdiction of the court over the action,** and **further proceedings** shall be had in accordance with the rules of civil procedure, provided, however, that service of summons * * *. * * * *. **The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action.**" (Emphasis added.)

Prior to 1955, §4123.51 R. C., provided in part that on an appeal from a decision of the Commission the claimant

"may file a petition in the court of common pleas of the county wherein the injury was inflicted * * . * * *. **Further pleadings** shall

be had in accordance with the rules of civil procedure." (Emphasis added.)

Effective October 5, 1955, §4123.51.9 R. C., simply provided that upon filing of the notices for appeal:

"Further proceedings shall be had in accordance with the rules of civil procedure. * * *" **126 Ohio Laws 1026.**

The deletion of the requirement for pleadings in the 1955 amendments was still the subject of debate when §4123.51.9 R. C., was adopted on September 7th, 1957.

The rules for pleading in civil cases in the common pleas court apply to original actions. These rules require allegations of the facts constituting the original cause of action. There are no rules that require the facts constituting the cause of action to be alleged in any case on appeal. The requirements for appeal to the court of common pleas from administrative decisions must be found exclusively in the special statutes which create the right of appeal.

In cases under the new procedure it has been held that there must be a complete set of pleadings as required for original actions and that the facts constituting the issues and the defenses must be set forth. This conclusion is conceived in and relies upon the impression that pleadings in the traditional form are indispensable for the presentation of justiciable issues. This is a fallacy. And it is an unnecessary waste in any appellate situation where the issues have been previously stated, tried and decided three times in the administrative machinery, which is a prerequisite to the initiation of judicial steps in which three additional hearings are possible.

Sec. 4123.51.9 R. C., does not require allegations relating to the cause of action or the merits of the appeal. It expressly requires allegations "setting forth the basis for jurisdiction of the court over the action." The word **action** may be construed to include both jurisdiction of the subject matter and jurisdiction of the person, but the use of the word jurisdiction prohibits any construction which imposes additional allegations in the **petition on appeal.** The statute does not require an answer or a reply although the court would entertain any pleading that raises a question under the jurisdictional allegations. The inclusion of this single requirement for the contents of the **petition on appeal** and the special, exclusive nature of this chapter and section eliminates all other elements from such petition however customary other facts or other pleadings are in original actions.

Sec. 4123.51.9 R. C., then provides that "further **proceedings shall be had in accordance with the rules of civil procedure."** This reference to further proceedings avoids the general rules of pleading, just as it adopts the general rules relating to trial procedure. This is apparent from a comparison of the existing statute with the repealed provision. The former statute required that "further **pleadings** shall be had in accordance with the rules of civil procedure." The deletion of the word **pleadings** in favor of **proceedings** cannot be ignored because in conjunction with the word **further** the word **proceeding** can only mean those steps after the petition has been filed as previously set forth. Consequently, as to the petition, §4123.51.9 R. C., supercedes the general

rules of pleading and requires only that the basis for the jurisdiction of the court be set forth in the so-called petition. The only resemblance between the statutory **petition on appeal** required by §4123.51.9 R. C., and a petition in an original action is in the similarity of the name chosen by the legislature: they do not serve the same purpose and they do not contain the same allegations. The **petition · on appeal** is a technical instrument designed merely to establish jurisdiction of the court over the action.

And—as if anticipating some complaint as to form—§4123.51.9 R. C., proceeds to spell out the issue, incorporating in the statute itself, the purpose served by pleadings. Under the statute the court is required to decide or submit to the jury, in event a jury is demanded, the issue as to whether or not the claimant shall participate or continue to participate in the fund **upon the evidence** adduced. The submission of the issue upon the evidence rather than the pleadings confirms a legislative design to establish a simple technical step to complete the appeal and to enable the court to resolve jurisdictional questions before hearing or submitting the statutory issue of participation in the fund. The creation of issues by statute, obviating the necessity for allegations of specific facts, is not unknown in this State. Familiar examples appear in will contest and appropriation cases. The legislature clearly states that a petition which sets forth the jurisdictional facts is sufficient to entitle the appellant to a review of the decision by the common pleas court under the further proceedings provided for in this section. The necessity for a jury demand is another technical difference in compensation cases.

The court finds that the provisions of §4123.51.9 R. C., are exclusive. They provide for the contents of a **petition on appeal** and the nature of the further proceedings after the filing of such a petition. The general rules of pleading have no application except possibly as a discretionary guide with respect to how the jurisdictional facts and the prayer may be set forth in the **petition for appeal.** Any other construction which writes in additional requirements is a usurpation of the function of the legislature to determine the requirements for perfecting an appeal from a legislative agency.

Both branches of the motion are overruled. The **petition on appeal** sets forth the basis for the jurisdiction of the court over the action as required by §4123.51.9 R. C. Further allegations would constitute surplusage. Branch one of the motion is grounded on the wise general rule that facts and not evidence or argument should be pleaded; however the court finds it unnecessary and improper to enforce general rules of pleadings which do not apply to this appellate situation. The allegations objected to cannot help or prejudice any party. On the merits of the appeal the evidence adduced at the trial may be considered by the court or the jury. The so-called petition does not contain and is not required to contain allegations relating to the statutory issue. The purpose of such a limited petition is accomplished when it establishes the jurisdiction of the court. Under the section considered it serves no other purpose and should not be submitted to the jury for any purpose.

Memoranda of counsel for the three interested parties fail to furnish other decisions or arguments on the question. In event a written memorandum is filed with the court within fifteen days by any party the court will reconsider this decision.