WELLS, APPELLANT, *v.* CHRYSLER CORPORATION, APPELLEE, ET AL.

[Cite as Wells *v.* Chrysler Corp. (1984), 15 Ohio St. 3d 21.]

(No. 83-1922—Decided December 19, 1984.)

22

*Mr. Richard A. Meyer, Jr.,* for appellant.

*Messrs. Fuller & Henry* and *Mr. Richard S. Baker,* for appellee.

*Per Curiam.* The sole issue presented is whether a notice of appeal of a workers' compensation claim pursuant to R.C. 4123.519, which did not designate the employer as such and which named the employer in the caption but not in the body of the appeal, is sufficient to vest jurisdiction in the court of common pleas. For the reasons that follow, this court reverses the decision of the court of appeals and finds that this notice of appeal was sufficient to vest jurisdiction and thereby holds that the grant of the motion to dismiss was improper.

R.C. 4123.519 sets forth five requirements for the notice of appeal, the only act required to perfect the appeal and vest jurisdiction in the court: a "[n]otice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact the appellant appeals therefrom."

This court *had* held that these statutory provisions are jurisdictional and strict compliance therewith is mandatory. *Starr v. Young* (1961), 172 Ohio St. 317, 318 [16 O.O.2d 105]; *Cadle v. General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50], paragraph one of the syllabus; *State, ex rel. Rockwell Internatl., v. Ford* (1980), 61 Ohio St. 2d 234 [15 O.O.3d 250]. Today, however, in *Mullins v. Whiteway Mfg. Co.* (1984), 15 Ohio St. 3d 18, this court held as follows:

"'* * * It is the belief of this court, however, that such an inflexible standard as was set forth in *Rockwell* and *Cadle* is not appropriate in all circumstances. Rather, we emphasize now that, as stated above, certain mitigating factors are to be considered when examining the sufficiency of a notice of appeal. These factors include whether appellant has substantially complied with the statutory appeal provisions and whether the purpose of the unsatisfied provision is sufficiently important to require compliance for jurisdictional purposes. This flexibility comports with R.C. 4123.95 * * *'" which requires liberal construction of workers' compensation statutes in favor of employees.

In the instant case, it is undisputed that appellant's notice of appeal fulfilled four of the five jurisdictional requirements: (1) the name of the claimant was stated as William T. Wells; (2) the number of the claim was listed as 627981-22; (3) the date of the decision appealed from was given as June 26, 1981; and (4) it was specified that the appeal was being taken from the June 26 decision. The only requirement in question is whether the notice of appeal sufficiently states the name of the employer.

Appellee notes that this notice of appeal did not specifically identify Chrysler as the employer nor did the term employer or Chrysler Corporation appear in the body of the appeal. Appellee contends that by omitting

the word "employer" in the notice of appeal, appellant has failed to set forth one of the five jurisdictional prerequisites of R.C. 4123.519 and thus the notice is fatally defective.[1] Appellee's interpretation, however, is in clear contravention of the plain statutory language, and if adopted, would result in the impermissible addition of a requirement to the statute.

On its face, R.C. 4123.519 simply requires the name of the employer to be stated; there is simply no requirement that the parties be specifically described or designated "employer" or "claimant," respectively. Nor does the plain language of R.C. 4123.519 require that the claimant and the employer be named in both the caption and body of the notice of appeal. In refusing to require that the employer be designated as such in the appeal, this court stresses that it is simply giving meaning to the plain language of the statute; none of the enumerated jurisdictional requirements is being eliminated.

The notice of appeal herein did state the name of the employer—Chrysler Corporation is named in the caption. Inasmuch as the caption names three parties, the other two being identified as plaintiff and claimant and the other being identified as Administrator, Bureau of Workers' Compensation, it is readily apparent that Chrysler Corporation is the employer. This court thus finds that appellant's notice of appeal satisfied each of the jurisdictional requirements of R.C. 4123.519.

Moreover, the purpose of a notice of appeal is to set forth the names of the parties and to advise those parties that an appeal of a particular claim is forthcoming. This notice of appeal clearly satisfied this purpose. Indeed, Chrysler Corporation answered this notice with a motion to dismiss. There was no demonstrated surprise or prejudice.

For the above-stated reasons, this court holds that appellant's notice of appeal fulfilled each of the five jurisdictional requirements of R.C. 4123.519 and finds that the motion to dismiss was improperly granted.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[1] In support of its argument, appellee cites the case of *Starr* v. *Young* (1961), 172 Ohio St. 317 [16 O.O.2d 105]. In *Starr,* the claimant filed a notice of appeal pursuant to R.C. 4123.519 which did not designate the Peerless Coal Company, one of the defendants, as employer and which did not contain the claim number. This court held the dismissal of the notice of appeal therein by the trial court was proper.

In the instant case, the notice of appeal contained the claim number, unlike in *Starr,* but did not, as in *Starr,* designate the "employer" as such. This court thus finds the cases distinguishable, and does not find *Starr* to be controlling. To the extent that the rationale for the dismissal of the notice in *Starr* was premised solely on the failure to designate the employer as such in the notice of appeal, this court, finding such rationale to be inconsistent with the holding herein, rejects it.