**TUDOR, Appellee,**

v.

**MAYFIELD, Admr., et al., Appellants.***

[Cite as *Tudor v. Mayfield* (1989), 62 Ohio St.3d 633.]

Court of Appeals of Ohio,
Greene County.

No. 88–CA–72.

Decided April 27, 1989.

---

* Reporter's Note:  A motion to certify the record to the Supreme Court of Ohio was overruled in (1989), 46 Ohio St.3d 705, 545 N.E.2d 1283.

For related case see *State, ex rel. Tudor, v. Indus. Comm.* (1989), 45 Ohio St.3d 251, 543 N.E.2d 800.

634

*Joseph A. Marchese,* for appellee.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Alys M. Portman,* Assistant Attorney General, for appellant James L. Mayfield, Admr., Ohio Bureau of Workers' Compensation.

*Robert S. Corker,* for appellants Greene County Commissioners and Russell Bradley.

*Jonathan J. Downes* and *Marc A. Fishel,* for *amicus curiae,* County Commissioners Association of Ohio.

---

FAIN, Judge.

Defendants-appellants, Ohio Bureau of Workers' Compensation, Greene County Commissioners, and Sheriff Russell Bradley, appeal from a summary judgment rendered in favor of plaintiff-appellee Homer Tudor. Appellants contend that the trial court erred in overruling their motions to dismiss and for summary judgment, and further erred in granting Tudor's motion for summary judgment. We agree with appellants that the trial court improperly entered summary judgment in Tudor's favor and improperly denied their motion for summary judgment. Therefore, the judgment of the trial court will be reversed, and summary judgment will be entered in favor of appellants.

I

Shortly before midnight on August 3, 1982, Homer Tudor, a deputy sheriff for Greene County, Ohio, was riding his motorcycle to work. As Tudor was travelling westbound on Jasper Pike, an automobile approaching from the opposite direction turned left into Tudor's lane of traffic and struck his motorcycle. Tudor was thrown from the vehicle and, as a result, suffered a fractured left ankle.

Tudor sought payment of compensation and medical benefits from the Workers' Compensation Fund. Greene County Sheriff Russell Bradley certified Tudor's claim to the Ohio Bureau of Workers' Compensation. A claims examiner for the bureau allowed Tudor's claim, and compensation and medical benefits were paid accordingly.

Some time in December 1982, the Ohio Bureau of Workers' Compensation and Greene County, through its commissioners, each began independent investigations into the validity of Tudor's claim. The Greene County Commissioners filed a motion with the Industrial Commission requesting a hearing on the allowance of Tudor's claim. In February 1983, the Industrial Commission found that it had jurisdiction to reconsider the allowance of the claim pursuant to R.C. 4123.514. The Industrial Commission further found that Tudor's claim was "DENIED for the reason that the injury described * * * did not occur in the course of and arising out of employment."

Tudor appealed the Industrial Commission's decision to the Dayton Regional Board of Review. In May 1983, the regional board reinstated Tudor's claim. From that decision, the Greene County Commissioners appealed to the Industrial Commission, which again denied Tudor's claim. Tudor requested that the Industrial Commission reconsider its ruling. In July 1984, the Industrial Commission denied Tudor's request.

In August 1984, Tudor filed a complaint in the Greene County Court of Common Pleas appealing from the decision of the Industrial Commission. After a protracted procedural history, the trial court overruled the Greene County Commissioners' motion to dismiss and granted summary judgment in Tudor's favor. From this judgment, the Ohio Bureau of Workers' Compensation, the Greene County Commissioners, and Sheriff Russell Bradley appeal.

## II

Appellants' first assignment of error is as follows:

"The trial court erred when it denied defendants-appellants' motion to dismiss since the plaintiff appellee's notice of appeal to Greene County Common Pleas Court pursuant to Revised Code § 4123.519 was fatally defective on its face as it did not list the proper employer as a defendant and, therefore, did not vest the trial court with subject matter jurisdiction."

Essentially, appellants argue that Tudor improperly designated Sheriff Russell Bradley as his employer in his notice of appeal to the Greene County Court of Common Pleas and, therefore, pursuant to the requirements of R.C. 4123.519, the notice of appeal was jurisdictionally defective and should have been dismissed by the trial court.

Tudor named Sheriff Russell Bradley as his employer. Nowhere in the pleadings has Tudor ever designated Greene County, Ohio, as his employer. The Greene County Commissioners argue that the county is actually Tudor's employer, and since Tudor's notice of appeal failed to list Greene County as a party-defendant, such notice was "fatally defective on its face" and should have been dismissed by the trial court.

■    We agree with the Greene County Commissioners that Greene County, Ohio, not Sheriff Russell Bradley, is Tudor's employer.[1]

While Sheriff Bradley has the power, pursuant to R.C. 325.17, to appoint and employ the necessary deputies and assistants for his office, to fix the compensation of such employees, and to discharge them, he exercises that power on behalf of Greene County.  In common parlance, we may refer to Sheriff Bradley as Tudor's "employer," because Sheriff Bradley is Tudor's supervisor, to whom Tudor is accountable on a daily basis;  however, for purposes of workers' compensation, Greene County, not Sheriff Bradley, is Tudor's employer.

R.C. 4123.01(B)(1) defines "employer" to include "each county."  Moreover, R.C. 4123.01(A)(1) defines "employee" as "every person in the service of * * * any county."  Nowhere does the workers' compensation statute provide that supervisors or department heads of county offices shall be deemed "employers" of those who are deputies and assistants in their offices.  The plain language of the statute is that the "county" is the "employer."

In pertinent part, R.C. 4123.519 provides that:

"The claimant or the employer may appeal a decision of the industrial commission * * * to the court of common pleas of the county in which the injury was inflicted * * *.  Notice of the appeal shall be filed by the appellant with the court * * * [and] the filings shall be the only act required to perfect the appeal [and vest jurisdiction in the court].

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom.  * * * *"

The Supreme Court of Ohio *had* held that the statutory provisions set forth in R.C. 4123.519 were jurisdictional and strict compliance therewith was mandatory.  *Starr v. Young* (1961), 172 Ohio St. 317, 318, 16 O.O.2d 105, 105, 175 N.E.2d 514, 514.  Recently, however, the court has softened its stance on this issue and has held that R.C. 4123.519 shall be liberally construed as required by R.C. 4123.95.  *Mullins v. Whiteway Mfg. Co.* (1984), 15 Ohio St.3d 18, 15 OBR 15, 471 N.E.2d 1383.

The court has also stated that certain mitigating factors are to be considered when examining the sufficiency of a notice of appeal.  "These factors

---

**1.**  We note, however, that one eminent Ohio jurist, Judge Alba Whiteside of the Tenth District Court of Appeals, is of the opinion that the county sheriff is a deputy sheriff's employer for workers' compensation purposes.  See Judge Whiteside's dissenting opinion in Tudor's mandamus action.  *State, ex rel. Tudor, v. Indus. Comm.* (Jan. 21, 1988), Franklin App. No. 85AP–892, unreported, 1988 WL 4639.

include whether appellant has substantially complied with the statutory appeal provisions and whether the purpose of the unsatisfied provision is sufficiently important to require compliance for jurisdictional purposes." *Wells v. Chrysler Corp.* (1984), 15 Ohio St.3d 21, 23, 15 OBR 18, 19, 472 N.E.2d 331, 333.

In *Wells*, the court decided that a notice of appeal from the denial of a workers' compensation claim that did not designate the employer as such, but named the employer in the caption although not in the body of the appeal, was sufficient to vest jurisdiction in the court of common pleas.

The court held that R.C. 4123.519 simply requires that the name of the employer be provided somewhere in the notice of appeal. There is no requirement that the employer be designated as "employer." The court cautioned, however, that in refusing to require that the employer be designated as such in the appeal, it was not eliminating any of the jurisdictional requirements enumerated in R.C. 4123.519. The court concluded that " * * * the purpose of a notice of appeal is to set forth the names of the parties and to advise those parties that an appeal of a particular claim is forthcoming." *Wells*, 15 Ohio St.3d at 24, 15 OBR at 20, 472 N.E.2d at 334.

In a more recent case, the Supreme Court has held that:

" * * * Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. 4123.519 includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." *Fisher v. Mayfield* (1987), 30 Ohio St.3d 8, 11, 30 OBR 16, 18–19, 505 N.E.2d 975, 977.

We construe the issue in the case before us to be whether Tudor's notice of appeal was in a form reasonably calculated to give notice to Greene County of the pendency of Tudor's appeal. Tudor's notice of appeal captioned the appellees as "James L. Mayfield, Administrator, Bureau of Workers' Compensation," and "Russell A. Bradley, Sheriff of Greene County," respectively.

Although, in our view, Sheriff Bradley was misnamed as one of the appellees (the proper appellee was Greene County), we conclude that the form of notice employed by Tudor was reasonably calculated to have put Greene County on notice that Tudor's appeal was pending. Significantly, Greene County has never claimed that it did not have prompt, actual notice of the appeal.

The process of serving notice of an appeal is analogous to the process of serving notice of a complaint. Civ.R. 4.2(11) prescribes the method for serving a summons and complaint upon a county, as follows:

"Service of process * * * shall be made as follows:

" * * *

"(11) Upon a county or upon any of its offices, agencies, districts, departments, institutions or administrative units, by serving the officer responsible for the administration of the office, agency, district, department, institution or unit or by serving the prosecuting attorney of the county."

The foregoing suggests that under at least some circumstances Sheriff Bradley, as an elected officer responsible for the administration of his office, may have been a proper agent to receive service of process on behalf of Greene County. Similarly, we conclude that he was authorized to receive notice of the appeal in this case on behalf of Greene County. There is no suggestion that he failed to communicate with the appropriate officers (the county commissioners) to let them know that Tudor's appeal was pending.

Finally, since the county commissioners had already made an issue of Sheriff Bradley's representative capacity in the administrative forum, they were not likely to have been misled by the misnomer in Tudor's notice of appeal into thinking that Greene County was not a party to the appeal.

Upon the particular facts of this case, we hold that Tudor's notice of appeal was in a form reasonably calculated to put Greene County on notice that his appeal was pending. Therefore, in accordance with *Fisher v. Mayfield, supra,* Tudor's notice of appeal was in substantial compliance with jurisdictional requirements.

Appellants' first assignment of error is overruled.

### III

Appellants' second assignment of error is as follows:

"The trial court erred when it granted summary judgment in favor of the plaintiff solely on the basis that there was no timely appeal when such basis is unsupported by any evidence in the record."

■ Appellants argue that the trial court improperly granted summary judgment in Tudor's favor on the basis that their "appeal" was untimely filed. We agree.

In its "Ruling," dated July 14, 1988, the trial court found that even though Sheriff Bradley did not notify the county commissioners that he had certified Tudor's workers' compensation claim, the Greene County Commissioners " * * * were aware the claim was allowed within the appeal time * * *." The trial court also found that " * * * any appeal filed [by Greene County] was untimely and any order made on such appeal [by the Industrial Commission] is

void." We conclude that the trial court erroneously characterized Greene County's request for a hearing on the validity of Tudor's claim as an "appeal" from the allowance of such claim pursuant to R.C. 4123.516.

In pertinent part, R.C. 4123.516 provides that:

"A claimant, an employer, or the administrator of the bureau of workers' compensation who is dissatisfied with a *decision of the district hearing officer* may appeal therefrom by filing a notice of appeal with the bureau, with a regional board of review, or with the industrial commission, within twenty days after the date of receipt of notice of the decision of the district hearing officer." (Emphasis added.)

In the case before us, the trial court found that Greene County failed to file its "appeal" within twenty days of receiving notice of the allowance of Tudor's claim and, therefore, the appeal was "untimely." The trial court's conclusion, however, was incorrect because Greene County was not "appealing" from a decision of the district hearing officer; rather, it was disputing the original allowance of the claim by the Bureau of Workers' Compensation.

In January 1983, Greene County filed a motion with the Industrial Commission requesting a hearing on the validity of Tudor's claim. The Industrial Commission granted Greene County's request and in February 1983, Hearing Officer Davidek found that " * * * pursuant to Ohio Revised Code Section 4123.514, there [was] jurisdiction to reconsider the allowance of this claim."

Pursuant to R.C. 4121.34(B)(2), district hearing officers of the Industrial Commission are granted original jurisdiction over "[a]ll contested claims matters under Chapter 4123. of the Revised Code * * *." Moreover, R.C. 4121.34(D) provides that "[n]othing in this section shall restrict the authority of the administrator to issue orders authorized by Section 4123.514 of the Revised Code."

In pertinent part, R.C. 4123.514 provides that "[i]n the event the employer notifies the administrator that he objects to the tentative order awarding compensation to the claimant, the claim shall be forthwith set for hearing under section 4123.515 of the Revised Code."

Pursuant to R.C. 4123.515, the district hearing officer must afford both the claimant and the employer an opportunity to be heard upon reasonable notice and the opportunity to present testimony and facts pertinent to the claim. There are no time limitations set on the claimant or on the employer other than the requirement that "[t]he parties * * * proceed promptly and without continuances except in cases of hardship prejudicial to a party * * *." Subsequent to the hearing, the district hearing officer is required to present his

decision and the reasons therefor and to mail copies of such decision to the claimant and the employer.

In the case before us, Greene County properly requested a hearing before a district hearing officer of the Industrial Commission. The hearing officer found that he had jurisdiction to hear the matter pursuant to R.C. 4123.514. The parties "proceeded promptly and without continuances," and the district hearing officer concluded that Tudor's claim should be disallowed.

From our review of the record, we conclude that all of the prerequisites set forth in the Revised Code for the hearing and disposition of a disputed claim were met. Therefore, the trial court erred in granting summary judgment in Tudor's favor upon the ground that Greene County's "appeal" was untimely filed.

Appellants' second assignment of error is sustained.

## IV

Appellants' third assignment of error is as follows:

"The trial court erred when it did not grant summary judgment in favor of defendants-appellants since there are no facts pleaded which would tend to establish that plaintiff-appellee's injury arose out of his employment with the Greene County Sheriff's Department."

Essentially, appellants contend that the trial court erred in not granting summary judgment in their favor. Appellants argue that Tudor failed to plead any facts that would establish that his injury arose out of his employment and, therefore, his claim should be denied.

Summary judgment, pursuant to Civ.R. 56(C), is appropriate only upon a determination that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

In the case before us, Tudor testified at his deposition that at approximately 11:35 p.m., on August 3, 1982, he left his home to report to work at the Greene County Sheriff's Office. Tudor had been assigned to the third shift and he was required to begin work at 12:00 midnight. Tudor further testified that he left for work a half hour before the commencement of his shift, and he was not compensated for his travelling time.

After having ridden his motorcycle approximately seven miles from home, Tudor approached the intersection of Jasper Pike and Shawnee Trail Drive. Tudor was still some seven miles away from work. Near the intersection, Tudor was struck by an oncoming automobile. Tudor suffered a fractured ankle as a result of the collision, and he subsequently sought participation in the state Workers' Compensation Fund claiming that the injury arose out of his employment.

Tudor testified that the traffic on Jasper Pike was relatively light on the evening he was injured. There was no evidence that Tudor had been called into work early, or that he was carrying out an assigned task on his way to work.

An injury sustained by an employee is compensable under the Workers' Compensation Act only if it is " * * * received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C); *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 360, 401 N.E.2d 448, 449.

■ The test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether a "causal connection" existed between an employee's injury and his employment either through the activities, the conditions, or the environment of the employment. *Id.*

■ Generally, where an employee, having a fixed and limited place of employment, sustains an injury while travelling to and from his place of employment, such injury does not evidence the required causal connection to the employment; it therefore does not arise out of and in the course of his employment and is not compensable. *Id.*

■ There are two recognized exceptions to this "general" rule, however. The first exception is known as the "zone of employment" rule. It has been used by courts to find a "compensable" injury in situations where the employee has sustained an injury either on property that is adjacent to the employer's premises and is controlled by the employer, or on a roadway that is the sole means of ingress to and egress from the employer's premises.

■ The second exception is known as the "special hazard" rule, and it provides that an employee will be entitled to workers' compensation benefits when the employment creates a special hazard and the injuries are sustained because of that hazard. *Littlefield v. Pillsbury Co.* (1983), 6 Ohio St.3d 389, 6 OBR 439, 453 N.E.2d 570. The special hazard rule applies where: (1) "but for" the employment, the employee would not have been at the location where the injury occurred, *and* (2) the risk is distinctive in nature or quantitatively

greater than the risk to the general public. *Id.* The special hazard rule has been limited to situations where the employee was making a left turn against heavy traffic into the employer's premises or was otherwise exposed to an increased risk of injury near the employer's premises. See *Harden v. Conner* (Nov. 23, 1984), Lucas App. No. L–84–195, unreported.

We conclude that Tudor has not demonstrated that either one of the two exceptions listed above is applicable to the facts of this case. The "zone of employment" exception does not apply because Tudor was injured approximately seven miles away from his place of employment. Tudor's injury was not sustained on or adjacent to the employer's premises.

Likewise, the "special hazard" exception does not apply. Although it is true that "but for" his employment Tudor would not have been at the location where the injury occurred, we conclude that the risk Tudor encountered in driving down Jasper Pike was not "distinctive in nature or quantitatively greater than risks common to the public." Tudor was nowhere near his employer's premises; he was not required to turn left against heavy traffic into his employer's premises; nor was he required to expose himself to any other hazard greater than the risk normally associated with using public roads.

Neither one of the two exceptions being applicable to the case before us, the "general" rule must be applied. Therefore, since Tudor was injured while travelling to work, his injury does not have the required causal connection to his employment. Accordingly, Tudor's injury did not arise out of his employment, and it is not compensable.

Based upon our examination of the record, and construing the evidence most strongly in Tudor's favor, we find that appellants have satisfied the tripartite test of Civ.R. 56(C). Accordingly, the trial court erred in not granting summary judgment in favor of appellants.

Appellants' third assignment of error is sustained.

V

Appellants' second and third assignments of error having been sustained, the judgment of the trial court will be reversed and summary judgment will be entered in favor of the appellants, that being the judgment that the trial court should, as a matter of law, have entered in this case.

*Judgment reversed.*

GRADY, J., concurs.

WILSON, J., concurs in the judgment.

WILSON, Judge, concurring.

I agree with Judge Whiteside's opinion that a sheriff is a deputy sheriff's employer.