JACKSON COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL
DISABILITIES, APPELLANT, *v.* BOARD OF COUNTY COMMISSIONERS OF
JACKSON COUNTY, APPELLEE.

[Cite as Jackson Cty. Bd. of Mental Retardation & Developmental Disabilities
*v.* Bd. of Commrs. of Jackson Cty. (1990), 49 Ohio St. 3d 63.]

(No. 89-320—Submitted November 14, 1989—Decided February 21, 1990.)

WRIGHT, J. This case concerns the obligation of the Jackson County Commissioners to fund the operations of the Jackson County Board of Mental Retardation and Developmental Disabilities. Appellant Jackson MRDD contends that R.C. 5126.05 requires appellee commissioners to appropriate funds for the agency from the county general fund. For the reasons that follow, we disagree with appellant.

R.C. 5126.05, which lists the powers and duties of county MRDDs, concludes with the duty of county commissioners: "The board of county commissioners shall levy taxes and make appropriations sufficient to enable the county board of mental retardation and developmental disabilities to perform its functions and duties as provided by this section, and *may* utilize any available local, state, and federal funds for such purpose." (Emphasis added.)

The statute clearly mandates the commissioners to provide funds to Jackson MRDD. As we held in *Cuyahoga Cty. Bd. of Mental Retardation* v. *Cuyahoga Cty. Bd. of Commrs.* (1975), 41 Ohio St. 2d 103, 70 O.O. 2d 197, 322 N.E. 2d 885, a county MRDD may bring an action in mandamus to compel county commissioners to meet their financial obligations. However, we reach a different result under the

*Oths & Heiser* and *Joseph A. Oths,* for appellant.

peculiar facts of this case. The commissioners here did not neglect their statutory obligation; they levied a tax to fund Jackson MRDD, and all the proceeds of that tax went to Jackson MRDD.

It is true that the commissioners have refused to make an appropriation for MRDD from the county's *general* fund, but that refusal does not violate the statute, which does not specify a source or sources of funds for a county MRDD. In fact, R.C. 5126.05 permits appropriations from " * * *any* available local, state, and federal funds for such purposes." (Emphasis added.) Thus, it is clear that the commissioners did not breach their duty under R.C. 5126.05 merely by failing to include MRDD in appropriations from the county's general fund.

R.C. 5126.05 mandates funding "sufficient" for a county MRDD to perform its functions and duties. Jackson County has been experiencing serious financial difficulties. The commissioners insist that to augment the levy with a general fund appropriation would require them to make even deeper cuts in funding for other essential county services.

As the court of appeals noted, R.C. 5123.351 provides for state funding when local funding for MRDD programs is unavailable:

"The director of mental retardation and developmental disabilities with respect to the eligibility for state reimbursement of expenses incurred by facilities and programs established and operated under Chapter 5126. of the Revised Code for mentally retarded and developmentally disabled persons, shall:

" * * *

"(G) Establish, operate, develop, and fully support a clinic or other mental retardation programs in an area where he determines that services are urgently needed but local funds for the support of the program are not available;

"(H) Provide state funds to county boards of mental retardation and developmental disabilities, in addition to those allocated pursuant to section 5123.36 of the Revised Code, for special programs or projects he considers necessary, but for which local funds are not available;

"(I) Provide state funds for existing mental retardation clinics and programs financed partly by state funds when he considers it necessary."

This statute appears to contemplate precisely the sort of financial problems Jackson County has encountered, and to provide a source of state funds that R.C. 5126.05 allows the county to utilize in meeting its obligation to Jackson MRDD.

The court of appeals held that under R.C. 5123.351 the state bears the ultimate burden of supporting county MRDDs. It came to the same conclusion in *State, ex rel. Gallia Cty. Bd. of Mental Retardation & Developmental Disabilities*, v. *Bd. of Gallia Cty. Commrs.* (Feb. 11, 1985), Gallia App. No. 84 CA 2, unreported. We believe that to read R.C. 5123.351 as placing sole responsibility for funding county MRDDs on the state so as to absolve the commissioners of any responsibility to support Jackson MRDD would be to render meaningless the requirement of R.C. 5126.05 that a county appropriate funds for its MRDD. Likewise, we will not adopt the position that the state has no responsibility to fund a county MRDD just because R.C. 5126.05 directs county commissioners to appropriate funds for their county's MRDD. The better view is that R.C. 5126.05 and 5123.351 complement each other.

Construing the two statutes in this way furthers the objective of providing

a county MRDD with sufficient funds to serve the needs of mentally retarded and developmentally disabled Ohioans. A board of county commissioners that appropriates funds for the county MRDD but is simply unable to supply that agency with sufficient funds does not violate R.C. 5126.05, because R.C. 5123.351 provides that the state share in the responsibility for such funding when sufficient funds are unavailable from the county. Thus, the state can and should augment county appropriations under R.C. 5123.351(G), (H), and (I), and thereby assist a county suffering financial straits.

We would emphasize however that because the commissioners levied a tax to fund Jackson MRDD, their actions are not at war with R.C. 5126.05, even if the amount provided by the tax levy was not sufficient for MRDD's operations. To order the commissioners to appropriate some nominal sum from the general fund hardly meets the unhappy situation before us, given the practicalities of Jackson County's financial straits. The law disfavors ordering a vain act. Rather, a workable solution lies in recognizing the state's role under R.C. 5123.351 in augmenting county funding when a county is unable to fund the totality of its MRDD's needs.

Therefore, we affirm the judgment of the court of appeals denying the writ of mandamus.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.