ISTENES, Appellant,

v.

LAKE COUNTY AUDITOR et al., Appellees.

[Cite as *Istenes v. Lake Cty. Aud.* (1994), 97 Ohio App.3d 735.]

Court of Appeals of Ohio,
Lake County.

No. 93–L–107.

Decided Sept. 19, 1994.

George N. Wukovich, for appellant.

Steven C. LaTourette, Lake County Prosecuting Attorney, William L. Sheroke and Mark J. Bartolotta, Assistant Prosecuting Attorneys, for appellee, Lake County Auditor.

Lee I. Fisher, Attorney General, and Sandra L. Nimrich, Assistant Attorney General, for appellees, Bureau of Workers' Compensation, Wes Trimble, Administrator, and Industrial Commission of Ohio.

FORD, Presiding Judge.

This accelerated calendar appeal comes from the Lake County Court of Common Pleas.

On April 2, 1993, appellant, Bonnie Istenes, filed a notice of appeal in the Lake County Common Pleas Court pursuant to R.C. 4123.519 from an order of the Industrial Commission refusing further appeal of the board of review's denial of her additional allowance claim which arose from a claim for an injury that was allowed in December 1986. Appellant had been injured while working at Deepwood Center, a facility operated by the Lake County Board of Mental Retardation. Appellant's notice of appeal named the employer as appellee, Lake County Auditor, which had been the designated employer throughout the administrative proceedings.

Appellee filed a motion to dismiss for lack of jurisdiction, claiming that it was not the "employer" for purposes of R.C. 4123.519(B), and that the correct employer is the Lake County Board of Mental Retardation. In response to appellee's motion to dismiss, appellant filed a "Motion to Correct Record Via Amendment to Add Parties, Nunc Pro Tunc, Instanter." With that motion, appellant sought to add the Lake County Commissioners to the notice of appeal.

On June 7, 1993, the court granted appellee's motion to dismiss but denied appellant's motion to amend the notice of appeal because her motion to amend was filed after the expiration of the sixty-day filing time prescribed in the statute. Appellant filed a timely notice of appeal on July 6, 1993 and assigned the following as error:

"1. The trial court erred in granting defendant-appellee's motion to dismiss.

"2. The trial court erred in denying plaintiff-appellant's motion to correct record * * * nunc pro tunc."

■ Appellant argues in her first assignment that the court erred in granting appellee's motion to dismiss. She asserts in support of her argument that the issue of the identity of her employer is one outside the scope of Civ.R. 12(B)(6) and is more properly the subject of summary judgment, because it required that the trial court consider matters beyond the pleadings. Appellant filed a brief in response to appellee's motion to dismiss in the trial court. However, we note that she did not object on this basis to appellee's motion. Accordingly, she is precluded from arguing such on appeal. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630–631. Further, our review of the trial court's decision does not reveal that the court considered matters outside the pleadings. See *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716–717.

■ Pursuant to R.C. 4123.519(B), a notice of appeal is the only act required to perfect the appeal and vest jurisdiction in the court of common pleas. It provides that the name of the employer must be named somewhere in the notice of appeal. Essentially, appellee argues that appellant improperly designated it as appellant's

employer in the notice of appeal and that, therefore, the notice of appeal was jurisdictionally defective. Appellant, however, submits that pursuant to *Fisher v. Mayfield* (1987), 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975, and its progeny, the notice of appeal was in "substantial compliance" with the requirements of the statute.

R.C. 4123.519(A) states that: "A claimant or the employer may appeal *a decision* of the industrial commission *** to the court of common pleas ***." (Emphasis added.) According to *Fisher:*

"Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. 4123.519 includes sufficient information, in intelligible form, *to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order* which has determined the parties' substantive rights and liabilities." (Emphasis added.) *Id.* at paragraph two of the syllabus.

In her original application for benefits, appellant named Deepwood Center as the employer. However, the "decision of the industrial commission" from which appellant appealed pursuant to R.C. 4123.519 named appellee as the employer. This was not appellant's undertaking or responsibility, but instead, the Industrial Commission's. Hence, appellee was the party whose rights and liabilities were determined in the decision of the Industrial Commission. Therefore, by naming appellee, the defendant-employer which participated in the proceeding below, as the employer in her notice of appeal, appellant literally followed the statutory requirement that the "decision" of the Industrial Commission be appealed, and that she place on notice all parties to the proceeding. By designating appellee as the employer in her notice of appeal, appellant correctly noticed the party who was represented and designated as the employer in the proceeding below.

Moreover, appellee has not directed us to any authority suggesting that appellant is required to notify parties that did not participate in the proceeding which gave rise to the statutory appeal. Accordingly, we cannot agree that appellant named the incorrect party in her notice of appeal for purposes of substantial compliance with R.C. 4123.519.

Though the foregoing analysis is dispositive of appellant's first assignment of error, the Second District Court of Appeals dealt with a similar issue in a case entitled *Tudor v. Mayfield* (1989), 62 Ohio App.3d 633, 577 N.E.2d 367, whose analysis has alternative application here. In *Tudor,* the deputy sheriff for Green County, Ohio, Homer Tudor, was injured while riding his motorcycle to work and filed a claim for workers' compensation. In his appeal to the court of common pleas from the decision of the Industrial Commission, which had denied his claim, he named Sheriff Russell Bradley as his employer instead of Greene County.

Though the court agreed that Greene County was, in fact, Tudor's employer, it stated as follows:

"While Sheriff Bradley has the power, pursuant to R.C. 325.17, to appoint and employ the necessary deputies and assistants for his office, to fix the compensation of such employees, and to discharge them, he exercises that power on behalf of Greene County. In common parlance, we may refer to Sheriff Bradley as Tudor's 'employer,' because Sheriff Bradley is Tudor's supervisor, to whom Tudor is accountable on a daily basis; *however, for purposes of workers' compensation, Greene County, not Sheriff Bradley, is Tudor's employer.*

"R.C. 4123.01(B)(1) defines 'employer' to include 'each county.' Moreover, R.C. 4123.01(A)(1) defines 'employee' as 'every person in the service of *** any county.' Nowhere does the workers' compensation statute provide that supervisors or department heads of county offices shall be deemed 'employers' of those who are deputies and assistants in their offices. *The plain language of the statute is that the 'county' is the employer.*" (Emphasis added.) *Id.* at 637, 577 N.E.2d at 370.

The court then concluded that although Sheriff Bradley was misnamed in the notice of appeal, the notice was reasonably calculated to give notice to Greene County of the pendency of Tudor's appeal. In so concluding, the court further relied on Civ.R. 4.2(11) as supportive of the fact that under certain circumstances, an elected county officer responsible for administration of his office may be a proper agent to receive service on behalf of a county. *Id.* at 639, 577 N.E.2d at 371.

Therefore, in light of *Tudor*, appellee's assertion that the board of mental retardation is the real party in interest is incorrect because under R.C. 4123.01(B), the county is the proper party. However, the pivotal question is whether appellee was a proper agent of Lake County for purposes of R.C. 4123.519(B).

R.C. 5126.02 provides for the creation of county boards of mental retardation, several of whose members are appointed by the board of county commissioners. Therefore, a board of mental retardation is an agency of the county. Further, counties share with the state a responsibility for providing funds to a county board of mental retardation. R.C. 5126.05(I); *Jackson Cty. Bd. of Mental Retardation & Dev. Disabilities v. Jackson Cty. Bd. of Commrs.* (1990), 49 Ohio St.3d 63, 551 N.E.2d 133.

Pursuant to R.C. 307.55, all claims against the county are paid either upon the allowance of the county commissioners upon the warrant of the county auditor, or by the warrant of the auditor upon the certificate of some other person or tribunal which may allow the claim. With respect to the latter, R.C. 319.16

provides that the county auditor may issue warrants for any claim against the county where the amount due is allowed by the county board of mental retardation.

Accordingly, the auditor is the county agency which causes funds to be released from the treasury for any claims against the county, and a county board of mental retardation is one tribunal which may, upon the issuance of a certificate, permit the auditor to issue a warrant from the treasury without authorization from the county commissioners. Thus, a county board of mental retardation may unilaterally permit the auditor to issue a warrant for the release of funds from the county treasury for claims against the county without permission from the county commissioners. Hence, a county auditor may be, for a limited purpose, an agent of a county board of mental retardation. Furthermore, we also note that appellee has cited no authority in support of its allegations that it is not an agent of the Lake County Mental Retardation Board or that it was unauthorized to notify the county of the appeal.

Accordingly, for the foregoing reasons, we take the position that although Lake County may have been appellant's actual employer, her failure to name it as such in the notice of appeal was not an obstacle to the advancement of her appeal. Appellant's notice was reasonably calculated to give notice to the county of the pendency of her appeal. Therefore, the trial court erred in granting appellee's motion to dismiss. Appellant's first assignment of error has merit.

In light of our disposition of the first assignment of error, appellant's second assignment of error is technically moot, App.R. 12(A)(1)(c), since her notice of appeal is jurisdictionally proper, and the appeal may now go forward. However, we would like to respond to appellant's argument that a *nunc pro tunc* order to correct the notice of appeal should have been granted pursuant to Civ.R. 15(A) and Civ.R. 21.

R.C. 4123.519(C) provides that:

" *** The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts *** showing a cause of action *** and setting forth the basis for the jurisdiction of the court over the action. *Further pleadings shall be had in accordance with the Rules of Civil Procedure ***.*" (Emphasis added.)

Accordingly, the Rules of Civil Procedure do not control the contents of the notice of appeal from the Industrial Commission to the common pleas court. Such matters are governed by the statute. The Civil Rules have bearing only after the filing of the petition. See *Keen v. Gen. Motors Corp.* (1958), 79 Ohio Law Abs. 65, 6 O.O.2d 473, 152 N.E.2d 558, paragraph two of the syllabus. Thus,

Civ.R. 15(A) and 21 would not have provided a basis for amendment of the notice of appeal. Appellant's second assignment of error is without merit.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. MAHONEY and NADER, JJ., concur.