Mary Wethington appeals to this court from the granting of a motion for summary judgment in favor of the University of Cincinnati, which terminated her right to participate in the workers' compensation fund. Wethington asks this court to reverse the summary judgment, which was ordered on procedural grounds, and order that the lower court hear her claim on the merits. Due to the complex procedural issues that must be addressed to arrive at our decision in this matter, we sua sponte
remove this case from the accelerated calendar.
Wethington was employed by the University of Cincinnati and worked for several years in various facilities on both the University of Cincinnati campus and the University of Cincinnati Hospital ("University Hospital"). Wethington had been awarded workers' compensation benefits for a claim filed on July 3, 1997.[1] The University of Cincinnati appealed the award to the district hearing officer, who disallowed Wethington's claim. Wethington then appealed to a staff hearing officer, who denied her appeal on January 6, 1998. A subsequent appeal by Wethington to the Industrial Commission of Ohio ("Commission") was refused on January 26, 1998. It is there that the procedural troubles in this case began.
On April 3, 1998, Wethington filed a notice of appeal and a petition in an attempt to have the common pleas court determine her right to participate in the workers' compensation fund. In her notice of appeal, Wethington listed as defendants-appellees University Hospital; the Administrator, Ohio Bureau of Workers' Compensation; and the Commission. Wethington also set forth the case number of the Commission order appealed from, the date of that order, and the fact that Wethington was appealing that order. Wethington did not list as her employer the University of Cincinnati, which had been listed on all of the earlier administrative appeals.
On April 30, 1998, without being named as a party on either the notice of appeal or the petition filed by Wethington, the University of Cincinnati filed a motion for summary judgment. The University of Cincinnati stated on the face of its motion that it was the employer of Wethington, and asserted further that the University of Cincinnati and University Hospital were separate entities. University Hospital did not enter an appearance in the matter and has yet to file an answer.
In the motion for summary judgment, the University of Cincinnati claimed that it was entitled to summary judgment because Wethington had failed to properly follow the statutorily mandated requirements of R.C. 4123.512. Specifically, the University of Cincinnati asserted that it, the University of Cincinnati, and not University Hospital, had to be named as the employer in order for the common pleas court to have jurisdiction.
Wethington responded with a "motion for leave to amend petition and memorandum in opposition to motion for summary judgment" on May 7, 1998. Wethington asserted that she in fact worked on the hospital grounds and that, during the pendency of the legal actions, there was a separation of the workers' compensation risk of the University of Cincinnati from University Hospital. Additionally, Wethington noted that she had substantially complied with the notice-of-appeal requirements and had effectively placed the parties on notice of her appeal, as evidenced by the summary-judgment motion filed just 27 days after Wethington's notice of appeal and petition were filed.
The common pleas court did not grant Wethington an opportunity to amend her pleadings. Instead, on July 18, 1998, the trial court granted summary judgment to the University of Cincinnati, which had yet to be named as a party to the action.
We need not review the granting of summary judgment to determine whether there were no genuine issues of material fact, because, as a matter of law, it was improper for the University of Cincinnati to file for summary judgment. Civ.R. 56 states that a "party against whom a claim * * * is asserted * * * may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Civ.R. 56(B). While the provisions of Civ.R. 56 are applicable to workers' compensation appeals, Price v. Westinghouse ElectricCorp. (1982), 70 Ohio St.2d 131, 435 N.E.2d 1114, the rule only applies to parties to the proceeding. Therefore, since the University of Cincinnati was not a party to the proceeding, it was not entitled to summary judgment.[2] Holding that summary judgment was improper, however, does not resolve the jurisdictional questions at the heart of this case. Thus, our analysis must include whether Wethington substantially complied with the filing requirements of R.C. 4123.512 and whether the Ohio Rules of Civil Procedure apply to allow for the amendment of pleadings in a workers' compensation appeal.
The Ohio Supreme Court in Fisher v. Mayfield (1987), 30 Ohio St.3d 8,505 N.E.2d 975, held that the "jurisdictional requirements of [R.C. 4123.512] are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute." The court held that
 substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to [R.C. 4123.512] includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities.
 Id. at paragraph two of the syllabus. The issue of substantial compliance of the notice of appeal is a question to be determined on a case-by-case basis. Id. The factors that determine the sufficiency of the notice of appeal include whether the appellant has substantially complied with the requirements of R.C. 4123.512
and whether the "purpose of the unsatisfied provision is sufficiently important to require compliance for jurisdictional purposes." Id. (citing Mullins v. Whiteway Mfg. Co. [1984],15 Ohio St.3d 18, 471 N.E.2d 1383). Several cases have examined workers' compensation notices of appeal under this standard to determine whether jurisdiction was vested in the common pleas court. Karnofel v. Cafaro Management Co. (June 26, 1998), Trumbull App. No. 97-T-0072, unreported, 1998 WL 553491 (notice of appeal sufficiently complied with R.C. 4123.512 when order appealed from containing claim number and date of decision was attached as an exhibit to pleading rather than set forth in pleading); Davis v. Ohio Industrial Commission (May 27, 1998), Summit App. No. 18656, unreported, 1998 WL 2811379 (notice of appeal not in substantial compliance with R.C. 4213.512 when appellant failed to state claim number, date of order appealed from, and fact that appellant was appealing that order); Sorge v.Copaz Packaging Corp. (Sept. 13, 1995), Hamilton App. No. C-940818, unreported, 1995 WL 540208 (notice of appeal did not confer jurisdiction upon common pleas court when it failed to properly caption document as notice of appeal, failed to state claim number and order appealed from, and fact that appeal was being taken). Thus, so long as a timely notice of appeal is filed, any omissions to the jurisdictional requirements must be reviewed to determine whether an omission is essential in providing appropriate notice to the employer.
The failure to properly name the employer is not a fatal flaw in a workers' compensation notice of appeal. In Wells v. Chrysler
(1984), 15 Ohio St.3d 21, 472 N.E.2d 331, the Ohio Supreme Court held that the failure to properly list Chrysler as the "employer" was not fatally defective to a workers' compensation appeal. The court concluded that the purpose of the notice of appeal was to place the parties on notice that an appeal was being taken. Id.
In a move similar to that taken by the University of Cincinnati in this case, Chrysler answered the notice of appeal with a motion to dismiss, demonstrating that Chrysler had actual notice of the appeal. Id.
In Istenes v. Lake County Auditor (1994), 97 Ohio App.3d 735,647 N.E.2d 534, the Eleventh District Court of Appeals reversed the decision of the trial court granting the Lake County Auditor's motion to dismiss a workers' compensation appeal for failure of the claimant to properly list his correct employer, Lake County. The Eleventh District reasoned that the Lake County Auditor was a proper agent for purposes of the notice of appeal because all claims against a county are paid upon warrant of the county auditor. Id. Thus, there was a sufficient connection between the party named in the appeal and the actual employer such that the employer was deemed to be on notice.
In Tudor v. Mayfield (1989), 62 Ohio App.3d 633,577 N.E.2d 367, the Second District Court of Appeals held that a county sheriff was a proper agent for purposes of the notice of appeal from the decision of the Commission, even though the county itself should have been named as the employer. The court noted that the sheriff was in fact the supervisor of the injured employee, but that the county was the employer and should have been named in the notice of appeal. Id. The court then held that although the injured employee improperly listed the sheriff as the employer, the notice of appeal was "reasonably calculated to give notice to Greene County of the pendency of Tudor's appeal." Tudor, 62 Ohio St. 3
d at 638, 577 N.E.2d at 371.
Based upon the foregoing cases, we hold that there is substantial compliance with R.C. 4123.512 when there is some connection between the entity named in the notice of appeal and the actual employer, such that notice to one is reasonably calculated to provide notice to the other. We now examine the connection between University Hospital and the University of Cincinnati to explain why we are convinced that the notice of appeal filed by Wethington substantially complied with R.C.4123.512.
Prior to its privatization, University Hospital was deemed an agent of the University of Cincinnati because University Hospital was staffed and operated by the University of Cincinnati. Dillionv. University Hospital (S.D.Ohio 1989), 715 F. Supp. 1384
(University Hospital affirmatively states that it is an integral part of the University of Cincinnati); Thomson v. Harmony (C.A.6, 1994), 65 F.3d 1314, 1319 (University Hospital is an agent of the University of Cincinnati). The effect of privatization altered the relationship between University Hospital and the University of Cincinnati.
In October of 1996, the University of Cincinnati Board of Trustees created University Hospital, Inc., a private corporation, to operate and staff University Hospital and all of the hospital property. State ex rel. Service Employees International Union,District 925 v. State Employment Relations Board (1998), 81 Ohio St.3d 173,174, 689 N.E.2d 962, 963. On the effective date of the privatization of University Hospital, December 31, 1996, all of the University of Cincinnati employees that worked at University Hospital were terminated and then immediately rehired by University Hospital, Inc. Id. Since Wethington worked on the grounds of University Hospital, a creation of the University of Cincinnati, it was reasonable for Wethington to name University Hospital as her employer despite the fact that she was an employee of the University of Cincinnati for purposes of a workers' compensation claim.
The reasonableness of Wethington's failure to properly name the University of Cincinnati as her employer is compounded by an earlier workers' compensation appeal by Wethington. In that appeal, which was heard on the merits, Wethington designated as her employer the University of Cincinnati Hospital, which was clearly not the proper name of her employer at the time she filed that appeal. See Wethington v. University of Cincinnati Hospital.
(June 18, 1997), Hamilton C.P. No. A-9602012, unreported. It would now be inconsistent to have allowed Wethington to pursue a claim against University Hospital in a prior case, but not to allow her to do so in this case despite the fact that her employer's identity has not changed.
We hold that Wethington substantially complied with R.C.4123.512 and that the unsatisfied provision of the statute, the name of the employer, was not sufficiently important in this case due to (1) the fact that Wethington worked on the grounds of both the University of Cincinnati and University Hospital, (2) the prior claim by Wethington against University of Cincinnati Hospital, and (3) the actual notice the University of Cincinnati had of Wethington's appeal in this case. Given that the common pleas court had jurisdiction to entertain Wethington's appeal, we now turn to whether the trial court could properly allow Wethington to amend her pleadings to correct the name of her employer.
The Ohio Rules of Civil Procedure apply to all civil proceedings, including special statutory proceedings like those under the workers' compensation statutes, unless they are "by their nature * * * clearly inapplicable." Civ.R. 1(C); Robinsonv. B.O.C. Group (1998), 81 Ohio St.3d 361, 370, 691 N.E.2d 667,673; Price v. Westinghouse Elec. Corp. (1982), 70 Ohio St.2d 131,435 N.E.2d 1114. While the provisions of Civ.R. 4 to Civ.R. 4.6, together with Civ.R. 7, are clearly inapplicable to workers' compensation proceedings, other civil rules, which do not alter the basic statutory purpose of R.C. 4123.512, do apply. Price,supra (holding that Civ.R. 56 does apply to workers' compensation appeals). One of the civil rules that applies to workers' compensation proceedings is Civ.R. 15, which allows parties to amend their pleadings. Williams v. Harsco Corp. (1994), 94 Ohio App.3d 441,640 N.E.2d 1193.
Contrary to the University of Cincinnati's contention in its response to Wethington's motion to amend, Civ.R. 15 provides for the amendment of pleadings and is not limited in its language to complaints. Civ.R. 15(A). Even if Civ.R. 15 was limited to complaints, the rule would apply here because "the pleading that R.C. 4123.512 names a petition is a complaint." Robinson, 81 Ohio St. 3
d at 364, 691 N.E.2d at 670. Even though amendment may be sought after the statutory filing period has ended, Civ.R. 15 allows amended pleadings to relate back to the original date of filing. Civ.R. 15(C); Williams v. Jerry L. Kaltenbach Ent., Inc.
(1981), 2 Ohio App.3d 113, 440 N.E.2d 1219. Additionally, Civ.R. 15(C) expressly states that
 [a]n amendment changing the party against whom a claim is asserted relates back if * * * the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
Failure to allow a party to amend its pleadings pursuant to Civ.R. 15, when there is no evidence of bad faith, undue delay, or undue prejudice, amounts to an abuse of discretion. Williams v. HarscoCorp. (1994), 94 Ohio App.3d 441, 640 N.E.2d 1193.
In this case, Wethington sought to amend her petition to correctly name her employer. We conclude that the University of Cincinnati had actual notice of Wethington's appeal and obviously knew that, but for Wethington's mistake, the University of Cincinnati was the proper party. Since a party should be allowed to freely amend its pleadings when justice so requires, the trial court abused its discretion in failing to allow Wethington to amend her petition to correct the name of her employer.[3]
In sum, we hold that Wethington's notice of appeal substantially complied with R.C. 4123.512 and that the failure to properly name her employer was not fatal to the appeal in this case. We further hold that Civ.R. 15 applies to pleadings filed in workers' compensation appeals, and that amending those pleadings should be allowed when justice requires.
For the foregoing reasons, we reverse the trial court's order granting summary judgment to the University of Cincinnati and remand this matter to the trial court with instructions to allow Wethington to amend her petition to name the University of Cincinnati as her employer, and for further proceedings on the merits of Wethington's claim.
Judgment reversed and cause remanded.
 Doan, P.J., and Hildebrandt, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] In its motion for summary judgment, the University of Cincinnati asserted that Wethington was terminated from her employment with the University on June 3, 1997. There appears to be some disparity in the dates of employment and the date of injury; however, that issue is not before this court since it was not addressed in the briefs of the parties.
[2] It is also worth noting that since University Hospital never answered the notice of appeal or petition, Wethington could have sought a default judgment pursuant to Civ.R. 55 had her case not been dismissed.
[3] Wethington should have sought to amend the notice of appeal as well as her petition; however, since the purpose of the notice of appeal has been achieved, the amendment of that pleading is no longer necessary.