WILLIAMS, Appellant,

v.

HARSCO CORPORATION et al., Appellees.■

[Cite as *Williams v. Harsco Corp.* (1994), 94 Ohio App.3d 441.]

Court of Appeals of Ohio,
Union County.

No. 14–93–30.

Decided April 25, 1994.

*Perry–Dieterich & Assoc., Robert J. Perry* and *Arthur C. Graves,* for appellant.

*Porter, Wright, Morris & Arthur* and *Charles J. Kurtz III,* for appellee Harsco Corp.

*Lee Fisher,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellee, J. Wesley Trimble, Administrator, Bureau of Workers' Compensation, and Industrial Commission of Ohio.

---

SHAW, Presiding Judge.

Plaintiff-appellant, Tina McCrary Williams, appeals from the judgment of the Common Pleas Court of Union County granting summary judgment in favor of the defendant-appellee, Harsco Corporation ("Harsco"), and denying her claim for workers' compensation benefits.

The record reveals that the appellant filed for workers' compensation benefits and received such benefits for injuries resulting from exposure to toxic fumes on March 27, 1990, while in the course of her employment with Harsco. The district hearing officer allowed the claim for "acute toxic fume inhalation." Upon appeal, that decision was affirmed by the regional board of review. Harsco then appealed to the Industrial Commission and the commission affirmed the finding

and order of the board of review. Pursuant to R.C. 4123.519,[1] Harsco appealed to the Common Pleas Court of Union County.

On July 23, 1993, Harsco sought leave to file a motion for summary judgment and also filed its motion for summary judgment. On August 12, 1993, the appellant filed a memorandum contra Harsco's motion. At that time, the appellant also filed a motion for leave to file an amended complaint. On August 16, 1993, the trial court overruled Harsco's motion for leave to file its motion for summary judgment and overruled the appellant's motion for leave to file an amended complaint. Upon Harsco's motion for reconsideration, the trial court reversed its decision and granted Harsco leave to file its motion. On October 25, 1993, the trial court granted Harsco's motion for summary judgment and denied the appellant's oral motion for leave to amend her complaint.

The appellant now appeals from the trial court's decision and asserts the following two assignments of error:

"I. The trial court erred in overruling the motion of plaintiff for leave to file an amended complaint setting forth an expanded definition of the allowed condition of 'acute toxic fume inhalation' and including conditions described as 'toxic encephalopathy, occupational asthma, organic mood disorder depressed, and organic mental disorder.'

"II. The trial court erred in sustaining the motion for summary judgment filed on behalf of the defendant, Harsco Corporation, for reason that reasonable minds can conclude that the plaintiff sustained a compensable injury on March 27, 1990, as a direct and proximate result of exposure to paint fumes."

An appeal from a decision of the Industrial Commission pursuant to R.C. 4123.519 is a *de novo* review. *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 26, 584 N.E.2d 1175, 1178–1179. Under R.C. 4123.519(C), the claimant is required to file a petition containing a statement of facts showing a cause of action to participate or to continue to participate in the fund.

Accordingly, the appellant alleged that "during the course of and arising out of her employment she sustained an accidental injury" on March 27, 1990. The appellant further set forth her cause of action by quoting from the decision of the regional board of review, which affirmed the district hearing officer's award, as follows:

"The evidence establishes [that the claimant was] exposed * * * to toxic vapors/fumes from a paint being mixed outside of the paint booth near where the claimant and the other employees in question were working. * * * Immediately

---

1. We note that R.C. 4123.519 has been amended and renumbered R.C. 4123.512, effective October 20, 1993.

following her exposure to the fumes, the claimant was transported by ambulance to the emergency room * * * where the emergency room physician * * * made a diagnosis of 'inhalation exposure of volatile hydrocarbon.' * * * The claimant inhaled the paint fumes and was injured March 27, 1990, in the course of and arising out of her employment with the employer. * * * Since the industrial paint fumes exposure of March 27, 1990, the claimant has suffered a number of problems which the * * * Material Safety Data Sheet for the paint in question indicates are among the injuries which can clearly be caused by exposure to the paint's vapors. These include severe headaches (cephalgia), memory loss, significantly impaired cognitive processes, geographical disorientation, nausea, fatigue, chest pains, trembling in her lower extremities, dizziness, and sensitization to fumes. * * * Contrary to the contention of the employer, the medical evidence in this case is sufficient to establish that she suffered an 'acute toxic fume inhalation' during the industrial accident of March 27, 1990. Moreover, the evidence is sufficient to establish that her headaches, dizziness, memory loss, nausea, impaired cognitive processes, extreme sensitivity to noxious fumes, and tremors were caused by her inhalation of the paint fumes during that accident. * * * [According to the doctor, the claimant's] psychoneurological problems are due to Toxic·Encephalopathy * * *."

Additionally, we note that in response to Harsco's interrogatories, the appellant stated that she was claiming the following conditions as a result of the incident: acute toxic fume inhalation, cephalgia, organic mood disorder depressed, organic mental disorder, and toxic encephalopathy.

R.C. 4123.01(C) defines "injury" for workers' compensation purposes as follows:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. * * *"

Upon reviewing past Ohio Supreme Court decisions, we find that the Supreme Court concluded in *Indus. Comm. v. Burckard* (1924), 112 Ohio St. 372, 147 N.E. 81, that poisoning resulting from an unusual and accidental happening in the course of employment was a compensable injury. Similarly, in *Indus. Comm. v. Roth* (1918), 98 Ohio St. 34, 120 N.E. 172, poisoning caused by inhalation of toxic fumes and gases was an "injury."

In its judgment entry granting summary judgment, the trial court stated that it found "the issues in favor of [Harsco] and against [the appellant] for the reasons set forth in Harsco's Memorandum in Support of Motion." In its memorandum, Harsco described the nature of appellant's injury as "acute toxic fume inhalation." In support thereof, Harsco submitted the affidavit of Dr. Gerald Steiman, who attested that "inhalation" is a normal act and not a diagnosable medical condition.

In reviewing a summary judgment, we must follow the standard set forth in *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47–48, that before summary judgment may be granted it must be determined:

"(1) [T]hat there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."

In reversing a summary judgment in favor of the Industrial Commission, the Hamilton County Court of Appeals stated in *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 84–85, 619 N.E.2d 1165, 1171–1172, that:

"Despite the new allegation that the condition was caused by a contemporaneous physical injury, the claim continued to be for posttraumatic stress syndrome, the same condition [the claimant] asserted at the Industrial Commission. * * * By contrast, her mental-physical claim for her ulcer may entitle [the claimant] to an additional allowance for a 'flow through' condition caused by posttraumatic stress syndrome pursuant to the commission's continuing jurisdiction under R.C. 4123.52. Assuming the facts show that notice to the commission was timely given within two years of when [the claimant] knew or should have known of the ulcer pursuant to R.C. 4123.84, we hold that the claim is not barred. See *Clementi v. Wean United, Inc.* (1988), 39 Ohio St.3d 342, 530 N.E.2d 909."

In the case *sub judice,* the record indicates that the appellant and several other employees were exposed to toxic paint fumes on March 27, 1990. In opposition to Harsco's motion for summary judgment, the appellant submitted the report of a physician who evaluated her. It is the opinion of Dr. Raymond Aldefer that the appellant "is suffering from the effects of exposure to hydrocarbon solvents and isocynates which occurred on March 27, 1990, at [Harsco's place of employment]." According to Robin Gofberg, Ph.D., it also "appears that [the appellant] has suffered mild losses in her cognitive abilities, affecting her speed of processing, verbal expressive skills, and certain aspects of memory functioning."

Additionally, we note that the appellant asserted in her memorandum contra Harsco's motion for summary judgment, as well as in her proposed amended complaint, that she has applied to the Industrial Commission for additional allowance of the other conditions.

Based upon all of the foregoing, we conclude that there are genuine issues of material fact as to whether the appellant sustained injuries in the course of and arising out of her employment with Harsco. See *Pyers v. Harsco Corp.* (Mar. 16,

1994), Union App. Nos. 14–93–31 and 14–93–32, unreported, 1994 WL 83330 (summary judgment prematurely granted). Thus, it follows that summary judgment was improperly granted in favor of Harsco. Accordingly, the appellant's second assignment of error is well taken.

The appellant's remaining assignment of error is also well taken. In this case, the appellant filed a motion for leave to amend her complaint together with the proposed amended complaint on August 12, 1993. In her proposed complaint, the appellant sought benefits for "(1) 'acute toxic fume inhalation' resulting in encephalopathy and psychoneurological problems including: headaches, dizziness, memory loss, nausea, impaired cognitive process, (2) toxic encephalopathy, (3) occupational asthma, (4) organic mood disorder depressed, and (5) organic mental disorder."

In its judgment entry dated August 16, 1993, the trial court overruled the appellant's motion, stating that:

"[T]he Complaint having been filed on December 1, 1992, and this case set for trial August 9, 1993, said trial date having to be vacated and reset for January 10, 1994, because of Plaintiff's failure to make proper discovery as requested. Under the Rules of Superintendence promulgated by the Ohio Supreme Court, this case will be tried well beyond the 'tolerable delay' time limits due to Plaintiff's omission to properly respond to Interrogatories and to provide discovery."

█ Pursuant to R.C. 4123.519(C), the amendment of a pleading is governed by the Ohio Rules of Civil Procedure. Under Civ.R. 15(A), a party may amend her pleading by leave of court, which "shall be freely given when justice so requires." Although denial of such leave is within the sound discretion of the trial court, Civ.R. 15(A) favors a liberal amendment policy and absent evidence of bad faith, undue delay or undue prejudice, a party's motion for leave to amend should be granted. *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 5–6, 12 OBR 1, 4–6, 465 N.E.2d 377, 380–381.

The Supreme Court of Ohio has defined "abuse of discretion" as an attitude that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142. "Noting that abuse of discretion usually involves decisions that are unreasonable rather than arbitrary or unconscionable, the Supreme Court has defined 'unreasonable' as having 'no sound reasoning process that would support that decision.'" *Grant, supra,* 86 Ohio App.3d at 83, 619 N.E.2d at 1170–1171, quoting *AAAA Enterprises, Inc. v. River Place Community Urban Redev. Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 600–601.

In determining whether the trial court abused its discretion in overruling a claimant's motion for leave to amend her complaint, the court in *Grant* stated that:

"No provision now expressly prohibits claims or issues raised for the first time by an amended complaint in the common pleas court. See *Smith v. Young* (1963), 119 Ohio App. 176, 26 O.O.2d 405, 197 N.E.2d 835 (finding that R.C. 4123.519 gave the common pleas court jurisdiction to hear evidence of an accidental occurrence that was not asserted before the commission). The authority under R.C. 4123.519 for the parties to take depositions and to file them subsequently in the common pleas court suggests that the legislature contemplated that new issues might well surface during the discovery process and, as a matter of judicial economy, intended to allow their adjudication during the trial *de novo.*" *Id.,* 86 Ohio App.3d at 82, 619 N.E.2d at 1169–1170.

◼ As the excerpt from the decision of the regional board of review, set forth earlier, discloses, the appellant had legitimately raised an issue as to those conditions set forth in her proposed amended complaint even prior to requesting leave to amend. Accordingly, based upon all of the foregoing and in light of our disposition of the second assignment of error, we find that the trial court abused its discretion in overruling the appellant's motion for leave to file an amended complaint.

The judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT and EVANS, JJ., concur.