OPINION
{¶ 1} Appellant-employer The Kroger Company appeals the decision entered in the Jefferson County Common Pleas Court after a jury found appellee-employee Howard Ward entitled to participate in the Workers' Compensation fund for aggravation of pre-existing degenerative joint disease and aggravation of pre-existing osteoarthritis. The employer contends that all medical testimony established that both conditions are the same and thus only one option should have been submitted to the jury. The employer also complains about the jury instructions on dual causation and aggravation. The threshold issue, however, is whether the trial court exceeded its jurisdiction by permitting the employee to amend his complaint to add these two conditions, which were never presented to the administrative body. For the following reasons, the threshold issue is resolved in favor of the employer, and the trial court's decision to allow amendment of the complaint is hereby reversed.
 STATEMENT OF THE CASE {¶ 2} The employee hurt his right knee while climbing down from a stool at work. The employer certified the condition of right knee sprain but refused to certify the employee's claimed condition of medial meniscus tear and chondromalacia. On November 28, 2001, a district hearing officer allowed the knee sprain but denied the medial meniscus tear and chrondromalacia. A staff hearing officer affirmed this decision on January 15, 2002. The employee appealed to the Industrial Commission; however, on February 4, 2002, the Industrial Commission refused to hear the appeal. The employee filed timely notice of appeal to the trial court for a trial de novo.
 {¶ 3} The complaint with a jury demand endorsed asked that he be permitted to participate in the Workers' Compensation fund for medial meniscus tear and chrondromalacia of the right knee. The trial was set for June 12, 2003. However, on May 15, 2003, a few weeks after his own deposition, the employee filed a motion to amend his complaint to include the conditions of aggravation of pre-existing degenerative joint disease and aggravation of pre-existing osteoarthritis. The employer filed a memorandum in opposition alleging that the motion to amend was not timely and more importantly, that the employee cannot appeal and try issues in the trial court that were never decided by the administrative body.
 {¶ 4} At the June 2, 2003 hearing on the issue, the employee's attorney noted that he merely filed the motion in order to make a record so that he would not later be barred from raising these conditions based upon res judicata as a recent Tenth District case held. He conceded that he could go back to the administrative body for a ruling on the new conditions. Still, on June 5, 2003, the trial court sustained the motion to amend the complaint and continued the trial for the employer to further prepare. The employee filed his amended complaint on August 6, 2003.
 {¶ 5} Prior to the September 25, 2003 jury trial, the employee dropped his chrondromalacia claim. The jury found that the employee was not allowed to participate for the condition of medial meniscus tear but that he was allowed to participate for the conditions of aggravation of pre-existing degenerative joint disease and aggravation of pre-existing osteoarthritis (as set out for the first time in the amended complaint). The court journalized these verdicts on October 16, 2003. The employer filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} The employer's first assignment of error provides:
 {¶ 7} "The trial court committed prejudicial error by allowing appellee Howard W. Ward to amend his complaint to include the conditions of `aggravation of pre-existing degenerative joint disease of the right knee' and `aggravation of pre-existing osteoarthritis of the right knee'."
 {¶ 8} The employer breaks this issue into the following two subassignments: first, that the trial court lacked jurisdiction to hear the claims because they were never presented below; and second, that the employee's motion to amend the complaint was not timely. We start with the jurisdictional argument.
 Subassignment of Error Number One {¶ 9} Pursuant to R.C. 4123.512(A), the employee may appeal to the trial court from an order of the Industrial Commission regarding his right to participate. Likewise, the employee may appeal an order of a staff hearing officer from which the Industrial Commission has refused to hear an appeal. Id. The employer argues this statute means that only the conditions decided unfavorably in the order can be appealed to the trial court, not new conditions. The employer concludes that the trial court only has the jurisdiction to conduct a de novo review of the administrative order on the conditions addressed by it. The employer cites Cadle v. General Motors Corp. (1976),45 Ohio St.2d 28, 33, for the proposition that there is no inherent right to the trial level appeal in these cases and thus adherence to the conditions for appealing is essential.
 {¶ 10} The employer notes that the employee could have filed a voluntary dismissal under Civ.R. 41(A) or sought continuance in the trial court and then filed for additional conditions in the Bureau of Worker's Compensation with appeals to the Industrial Commission and trial court if the conditions were not allowed. The employer cites a Supreme Court case, which upheld the employee's right to use a Civ.R. 41(A) voluntary dismissal in a worker's compensation appeal. Kaiser v. Ameritemps, Inc.
(1999), 84 Ohio St.3d 411, 415.
 {¶ 11} The employer lists various implications of the decision to allow the employee to try conditions that were never ruled on below. The employer notes that it may have agreed to certify these conditions or that either party may not have pursued an appeal after losing at the district or staff hearing officer level. The employer also notes that the parties may have settled if these additional conditions were raised below. The employer points out that if these additional conditions were not tried, then the employee's attorney would not have received a fee in this case because the employee lost on the medial meniscus tear, the only condition raised below. The employer concludes that: order is lost, fairness is jeopardized, and the statutory framework is destroyed when the administrative process is merely used as a conduit to get the first claim to the trial court (win or lose) in order to raise other conditions for the first time in the trial court after bypassing the administrative process.
 {¶ 12} The employer also makes a brief argument that the employee could not add the two conditions because R.C.4123.512(A) provides that the employee can appeal issues "other than the extent of disability," which must be determined through a mandamus action. However, "extent of disability" has been defined as the determination of the basis for computation of benefits payable, such as temporary total or permanent partial; it is not related to the right to participate for various conditions. See, e.g., Zatvatsky v. Stringer (1978),56 Ohio St.2d 386. Thus, this argument fails, and we return to the issue regarding amendment of the complaint to add conditions that were never presented below.
 {¶ 13} The employer relies on Ninth District precedent. In the most recent case, the Ninth District decided that the trial court did not abuse its discretion in denying leave to amend the complaint to add other back injuries besides the herniated disc claim that had been presented to the Bureau and the Commission.Hausch v. Alside (1998), 129 Ohio App.3d 362, 364. "Although the common pleas court has the authority to conduct a de novo
review, the issue decided by the industrial commission was the only issue properly before it." Id., quoting Blake v. Mihm
(Aug. 23, 1995), 9th Dist. No. 17043. The employee asked the court to revisit its Blake case and instead follow the First District's decision in Grant v. Ohio Dept. of Liquor Control
(1993), 86 Ohio App.3d 76. However, the Ninth District refused to overrule its prior precedent and instead reaffirmed its Blake
decision.
 {¶ 14} In Blake, the employee filed a claim for a head contusion and a psychiatric condition. The head injury was initially allowed and the psychiatric claim was held in abeyance pending the filing of the required affidavit. Upon appeal of the employer, a staff hearing officer disallowed the head injury. After appealing to the trial court, the employee argued that the trial court could hear evidence of psychiatric injury, which was not a condition addressed by the staff hearing officer, because it was holding a trial de novo. However, the trial court disagreed. The Ninth District held that because the staff hearing officer made no determination on the issue of the psychiatric injury, the trial court correctly refused to hear evidence on this issue. Blake, 9th Dist. No. 17043.
 {¶ 15} The Blake Court cited an Eighth District case which held, "When a claimant appeals from an order of the Industrial Commission under Section 4123.519, Revised Code, it must be presupposed that the issue decided adversely to the claimant before the Industrial Commission is the only issue before the Court of Common Pleas." Mims v. Lennox-Haldeman Co. (1964),8 Ohio App.2d 226, 228-229 (deciding that where the employee appeals an adverse decision, any favorable decisions out of the commission cannot be decided by the trial court unless the employer also appealed).
 {¶ 16} The Fourth District once stated that assertion of a new claim in the appeal to the trial court "would clearly be precluded." Dunn v. Mayfield (1990), 66 Ohio App.3d 336, 340
(but holding that employee was just giving additional evidence of contemporaneous physical injury to support his sole claim of psychiatric injury), citing Grant v. Glidden Coating Resins,Div. of SCM Corp. (Aug. 23, 1985), 6th Dist. No. E-84-53 (where plaintiff was not permitted to amend his claim to include "partial rupture of the cervical disc" when the only claim before the Industrial Commission was "cervical strain"); Williams v.Timken Co. (Oct. 1, 1984), 5th Dist. No. CA-6346 (where plaintiff was not permitted to amend his complaint to include the "pain in the left shoulder and neck" when the claim before the Industrial Commission was for "muscle strain of neck and left shoulder").
 {¶ 17} We acknowledge that there are some cases in support of the employee's position that the court properly allowed him to amend his complaint to add conditions not addressed by the Industrial Commission. We mentioned the First District's Grantv. Ohio Dept. of Liquor Control case above. In that case, the employee filed a claim for psychiatric injury due to a robbery. Her claim was denied because it was purely emotional in that there was no accompanying physical injury. In her appeal to the trial court, she alleged only anxiety and depression. After discovery, she moved to amend her complaint to add an arm injury and an ulcer. The trial court denied her leave to amend.
 {¶ 18} The First District reversed and held that there is no prohibition against a claimant raising a different and new condition from that raised in the administrative process. Grantv. Ohio Dept. of Liquor Control (1993), 86 Ohio App.3d 76, 82. They reasoned that a trial de novo means that all issues arise out of the pleadings in the trial court. Id. They noted that the statutory right to appeal under R.C. 4123.519 merely speaks of the right to participate, without limitation (besides extent of disability). Id. They found that the statute does not limit the appeal to those conditions denied by the Commission. Id.
 {¶ 19} Moreover, the Sixth District changed its prior position espoused in Grant v. Glidden and has since quoted almost the entire First District's rationale in Grant v. OhioDept. of Liquor Control. See Reed v. MTD Prod., Inc. (1996),111 Ohio App.3d 451, 458-459. In Reed, the employee was allowed to participate for strain of right hip and contusions. The employer appealed, and the employee responded by filing the requisite complaint seeking the right to participate. The employee thereafter was granted leave to amend his complaint to add exacerbation of pre-existing arthritis of the right hip. The employer argued that since there was no administrative decision on that condition, it could not be raised for the first time at the trial court appeal level. The Sixth District revisited its previous position and adopted the First District's reasoning. Id. at 460.
 {¶ 20} The Third District has also allowed amendment of a complaint to add conditions not decided by the Commission.Williams v. Harsco (1994), 94 Ohio App.3d 441. They opined that nothing expressly prohibits the trial of claims raised for the first time by an amended complaint in the trial court. Id. at 447.
 {¶ 21} Both parties allege that their position is supported by Maitland v. St. Anthony's Hosp. (Oct. 3, 1985), 10th Dist. No. 85AP-30. In that case, the employee was allowed to participate for low back injury and a psychiatric condition described as aggravation of pre-existing hypochondriacal neurosis with anxiety and depression. The employer appealed. The medical testimony at trial established that her condition was not aggravation of her pre-existing condition but rather was a new condition, either dysthymic disorder or depressive disorder with hypochondriasis as a secondary finding. The trial court directed a verdict for the employer because the medical evidence showed a different condition from that allowed by the Industrial Commission. The appellate court reversed.
 {¶ 22} First, the Tenth District stated that a trial de novo is not confined to the evidence presented below. Id. The court then concluded that the employee is not precluded from presenting evidence of a different diagnosis of the same psychiatric condition asserted before the Industrial Commission. Id. The court prefaced this conclusion by stating, "[a]lthough we might be inclined to agree with defendant St. Anthony Hospital that plaintiff would be precluded in an R.C. 4123.519 appeal from asserting an entirely new, independent and different psychiatric condition from that asserted before the Industrial Commission * * *." Id. A concurring opinion was then written merely to reemphasize this statement. Id. (Strausbaugh, J., concurring).
 {¶ 23} Stating that the trial de novo is not confined to the evidence below does not mean that the trial is not confined to the injuries raised below. It seems the Maitland decision falls on the employer's side of the equation. Regardless, the Tenth District may have recently diverged from their prior statement.Robinson v. ATT Network Systems, 10th Dist. No. 02AP-807, 2003-Ohio-1513.
 {¶ 24} In that case, the court found that a claim for aggravation of pre-existing degenerative disc disease was barred where the employee never appealed to the trial court from the denial of his claim for degenerative disc disease. The court reasoned that although it was not raised before the Commission, this alternative theory of causation (aggravation of pre-existing degenerative disc disease) could have been tried in an appeal from denial of degenerative disc disease. Id.
 {¶ 25} First, Robinson is not truly a case on point since the employee in our case did not raise one condition below and then try to add aggravation of that condition in case it was found to be pre-existing. Rather, the employee raised one claim below (medial meniscus tear) and then tried to add aggravation of some other pre-existing conditions (degenerative joint disease and osteoarthritis). He did not raise aggravation of medial meniscus tear (which condition his counsel seemed to argue in closing argument) in the amended complaint.
 {¶ 26} Second, even if Robinson carries with it the implication alleged by the employee in this case, then we decline to embrace it and choose to follow the holdings of the Fourth, Fifth, Eighth, and Ninth Districts reviewed above. We refuse to follow the line of cases that hold that a trial de novo means a trial on any conditions the employee alleges regardless of what conditions he claimed below. This would relegate the administrative process to a meaningless exercise.
 {¶ 27} We do recognize, however, that counsel was merely trying to protect his client's rights in case we agreed with a certain interpretation of Robinson in the future, after the employee revisited the administrative body with his new claims. We also note that the employee's counsel recognized that he had other remedies to pursue, i.e. voluntarily dismissing the trial court appeal or seeking a continuance in the trial court and filing for additional conditions at the administrative level. SeeKaiser, 84 Ohio St.3d at 415.
 {¶ 28} Although de novo means a new trial without regard to the evidence presented below and where new and different evidence of the claimed condition can be presented, the scope of thetrial is limited to the condition ruled upon below. The language of the statute granting the right to appeal and conferring jurisdiction on the trial court is that the employee "may appeal an order." It is the order that is being appealed, and thus, if the order does not touch upon a newly alleged condition, then there is no order to appeal regarding that condition. Claimants must present all alleged conditions before the administrative body rather than merely presenting one (win or lose) in order to get to the trial level and assert all kinds of other conditions.
 {¶ 29} We conclude that the employer's argument is meritorious. Because we have sustained this subassignment in the employer's favor, the following subassignment and the remaining three assignments of error need not be addressed as they have become moot.
 {¶ 30} For the foregoing reasons, the threshold issue is resolved in favor of the employer, and the decision of the trial court to allow amendment of the complaint is hereby reversed.
Waite, P.J., concurs.
Donofrio, J., concurs.