JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Mark and Laura Ruggiero ("Ruggieros"), appeal from a decision of the Cuyahoga County Court of Common Pleas which granted summary judgment in favor of defendants-appellees, Nationwide Insurance Company ("Nationwide") and the Phil Heim Agency ("Heim Agency"). For the following reasons, we reverse and remand.
 {¶ 2} A review of the record reveals the following: Since May 2000, the Ruggieros have resided at 1590 Ridgemont Trail, Hinkley, Ohio. On July 21, 2003, their basement flooded, allegedly due to a backed-up septic system. As a result of the flooding, the Ruggieros sustained $54,835.23 in damages.
 {¶ 3} At the time of the loss, the Ruggieros were insured by Nationwide under a homeowners policy of insurance. The Ruggieros had obtained this insurance through Phil Heim ("Heim"), a Nationwide agent. The Ruggieros had been clients of Heim for several years and he had provided insurance for their previous home in Strongsville, Ohio. That insurance plan had maximum water backup coverage, which covered up to the extent of the cost of the residence.
 {¶ 4} In 1999, while the Hinkley house was being built, the Ruggieros met with Heim to discuss insurance needs for their new home. The Ruggieros testified that they requested the same type of homeowners insurance to cover the cost of the new dwelling. Mrs. Ruggiero testified that she specifically requested maximum water backup coverage for the new policy. Heim represented that $5,000 was the maximum coverage available and the Ruggieros began paying premiums based on that amount. Heim subsequently sent them a letter stating that they were adequately insured and that their policy included a 1.2 multiplier for a total of $586,000 in coverage.
 {¶ 5} The day after the flood occurred, the Ruggieros made a claim with Heim. At that time, the Ruggieros learned that they did not have the maximum coverage for that type of loss. Rather, they only had "partial coverage" of $5,000 rather than "full coverage" of five percent of the coverage for the home. Shortly thereafter, Nationwide issued the Ruggieros a check for $5,000, the maximum limit under their policy for this sort of claim.
 {¶ 6} On May 21, 2004, the Ruggieros filed this complaint alleging that Nationwide and Heim Agency[1] were acting in bad faith by refusing to provide full water back-up coverage and denying any claims in excess of $5,000. The complaint also alleged that Heim breached his duty to procure the insurance coverage requested by the Ruggieros. Specifically, they claimed that they had requested the maximum coverage, and Heim had provided them with only partial coverage ($5,000 maximum as opposed to 5% of the coverage of the home).
 {¶ 7} On February 11, 2005, Nationwide and Heim Agency filed a joint motion for summary judgment. On March 14, 2005, the Ruggieros filed a brief in opposition and a motion to amend the complaint to join Phil Heim Jr. as a defendant in the case. On April 21, 2005, the trial court granted Nationwide and Heim Agency's motion for summary judgment without opinion.
 {¶ 8} It is from this judgment that the Ruggerios now appeal and raise two assignments of error.
 {¶ 9} "I. The trial court abused its discretion in failing to allow the plaintiffs to amend complaint in regards to Phil Heim Jr. (Previously named the Heim Agency)."
 {¶ 10} In the first assignment of error, the Ruggieros argue that the trial court erred in failing to allow them to amend the complaint to add Phil Heim Jr. as a party to the proceedings. We agree.
 {¶ 11} As an initial matter, we note that the trial court failed to rule on the Ruggieros' motion to amend the complaint. In general, if the trial court fails to mention or rule on a pending motion, this Court presumes that the motion was implicitly overruled. Siemientkowski v. State Farm InsuranceCo., Cuyahoga App. No. 85323, 2005-Ohio-4295. Accordingly, the trial court's failure to rule on the Ruggieros' motion constituted a denial.
 {¶ 12} Civ.R. 15(A) favors a liberal amendment policy and absent evidence of bad faith, undue delay or undue prejudice, a party's motion for leave to amend should be granted. Williams v.Harsco Corp. (1994), 94 Ohio App.3d 441, 446; Schweizer v.Riverside Methodist Hospitals (1996), 108 Ohio App.3d 539, 546. Here, Nationwide and Heim Agency cannot show any prejudice from permitting the Ruggieros to amend their complaint to add Phil Heim Jr. as a party. Indeed, Nationwide and Heim Agency admit in their brief before this Court that Phil Heim Jr. "clearly was the real party in interest * * * and defended it substantively on behalf of his agency." Accordingly, there can be no prejudice to Nationwide and Heim Agency by allowing such an amendment. Accordingly, we find the trial court abused its discretion by denying the motion to amend the pleadings.
 {¶ 13} The first assignment of error is sustained.
 {¶ 14} "II. The trial court erred in its summary judgement [sic] for the defendants."
 {¶ 15} In the second assignment of error, the Ruggieros argue that the trial court erred in granting Nationwide and Heim Agency's motion for summary judgment because there are questions as to whether Heim failed to properly insure them and whether Nationwide can be held vicariously liable for Heim's misconduct.
 {¶ 16} We begin by noting that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. "De novo review means that this Court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378; citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
 {¶ 17} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 18} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 19} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Nationwide and Heim Agency's favor was appropriate.
A. Liability of Heim/Heim Agency
 {¶ 20} An insurance agent owes its customers a duty to exercise good faith and reasonable diligence in acquiring its customers' insurance coverage. Damon's Missouri, Inc. v. Davis
(1992), 63 Ohio St.3d 605, 609. An agent is liable if, as a result of his negligent failure to procure insurance, the other party to the insurance contract suffers a loss because of a want of insurance coverage contemplated by the agent's undertaking.Clements v. Ohio State Life Ins. Co. (1986), 33 Ohio App.3d 80,83. If an insurance agent's negligence results in coverage less than that desired by an insured, the agent will be liable for the amount the insured would have received had the correct coverage been in place. Carpenter v. Scherer Mountain Ins. Agency
(1999), 135 Ohio App.3d 316, 326. Whether an agent has negligently failed to procure insurance is ordinarily a question of fact. Minor v. Allstate Ins. Co. (1996), 111 Ohio App.3d 16,22.
 {¶ 21} Here, the Ruggieros claim that they had requested the maximum water backup coverage, and that Heim misrepresented the maximum amount allowed under the policy. Specifically, they maintain Heim told them that $5,000 was the maximum coverage available to them when, in fact, it was not, and they could have received more coverage — five percent of the coverage for the home.
 {¶ 22} In response, Heim claims that he informed the Ruggieros of their options and that they chose partial coverage. Heim also states that the Ruggeiros' claims are barred for failure to read their policy.
 {¶ 23} We agree that an insured is charged with knowledge of the contents of his or her insurance policy. Nickschinski v.Sentry Ins. Co. (1993), 88 Ohio App.3d 185, 195. In this case, however, the failure to read the policy is not dispositive, since the Ruggieros concede that they were told $5,000 was the maximum limit allowed under their policy. Their argument is not with the actual amount listed in the contract, but with the fact that the $5,000 maximum coverage provided only partial coverage as opposed to full coverage which would have been five percent of the coverage of the home.[2]
 {¶ 24} If Heim misrepresented the possible coverage limits, then it is irrelevant if the Ruggieros read their policy. The coverage amount was listed in the policy, but the maximum limits offered were not.[3] Clearly, a material issue of fact exists as to whether Heim violated his duty to properly insure the Ruggieros according to their wishes. Accordingly, summary judgment should not have been granted for Heim/Heim Agency.
B. Liability of Nationwide
 {¶ 25} An insurance company can be liable for the torts of its agents when they are acting within the scope of their employment. Damon's Missouri, Inc., supra at 607. However, before that rule can be applied, it is essential to determine whether the person alleged to be an agent was, in fact, acting in that capacity. Id. A person who procures insurance for others can be an insurance agent, an insurance broker or independent insurance agent, or both. Id. at 610. The essence of the difference is that, whereas an insurance agent acts on behalf of a particular insurance company, an insurance broker acts on behalf of the prospective insured and is not restricted to representing one company. Id. at 611.
 {¶ 26} Although the determination of whether a person is an agent is usually a question of fact for a jury, we will determine Heims's capacity as a matter of law because the relevant facts here are not in dispute. According to the terms of his employment contract with Nationwide, Heim was precluded from selling products of insurers other than Nationwide. Page two of the agency contract contains an "exclusive representation" clause that states that Heim "will represent [Nationwide] exclusively in the sale and service of insurance. Such exclusive representation shall mean that you will not solicit or write policies of insurance in companies other than [Nationwide]." In addition, page seven of the agency contract contains a very specific and binding non-compete clause, which evidences that Heim worked solely for Nationwide. As a result, Heim was an "insurance agent," acting solely on behalf of Nationwide, and Nationwide is responsible for acts of omission within the scope of Heim's authority.
 {¶ 27} Next, Nationwide argues that it met all of its contractual duties and obligations when it promptly paid the Ruggieros the $5,000 water backup limits under their policy of insurance. We disagree. Previously, we held that there is an issue of fact as to whether Heim misrepresented the possible coverage limits to the Ruggieros and whether Heim will be liable for the amount the Ruggieros would have received had the correct coverage been in place. See Ibid. Since Nationwide is responsible for any acts of omission within the scope of Heim's authority, Nationwide may be vicariously liable for Heim's conduct. Accordingly, the trial court erred in granting summary judgment in favor of Nationwide.
 {¶ 28} The second assignment of error is sustained.
Judgment reversed and remanded for further proceedings.
It is ordered that appellants recover of appellees their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Cooney, J., concur.
[1] The Ruggieros also sued the contractor, landscaper, graders, and subcontractors. They are not party to this appeal.
[2] The Ruggieros testified that none of their old statements/invoices indicated whether their coverage was "full" or "partial." Since the incident, all statements specifically indicate whether there is full or partial water backup coverage.
[3] Moreover, the Ruggieros' failure to read the policy is typically the subject of a comparative negligence defense, which is generally addressed at trial and not on a motion for summary judgment. See Gerace-Flick v. Westfield Nat'l Ins. Co.,
Columbiana App. No. 01 CO 45, 2002-Ohio-5222.